# Federal Public Defender

1115 Strand Street, 2nd Floor
P.O. Box 223450
Christiansted, VI 00822-3450
Tel(340) 773-3585
Fax (340) 773-3742

**Thurston T. McKelvin**
Federal Public Defender

District of the Virgin Islands

**Branch Office:**
51-B Kongens Gade, Suite 1
P.O. Box 1327
Charlotte Amalie, VI 00804-1327
Tel (340) 774-4449
Fax (340) 776-7683

November 4, 2011

RONALD W. SHARPE, ESQ.
United States Attorney
Federal Building & United States Courthouse
5500 Veterans Drive, Suite 260
St. Thomas, USVI 00802-6424

   *Re:* *United States of America v. Welcome Jeffrey King*
     *Criminal Docket No. 2011-34*

Dear Attorney Sharpe:

  The defendant requests that the information, documents, and/or objects listed below be provided to his undersigned attorney for inspection, copying and/or photographing pursuant to the Court's order of November 2, 2011:

  1. A copy of the defendant's local and federal criminal records, indicating all past arrests of defendant and dispositions thereof; all addresses and aliases used or given by the defendant in connection with such arrests.

  2. Copies of any and all reports, notes, rough notes, hand-written documents, information, and documents concerning any verbal, written or recorded statements, admissions or confessions made by the defendant to the police, the United States Attorney, any other public servants engaged in law enforcement activity or to a person acting under the direction of or in cooperation with same, which are in the possession, custody or control of the Government, the existence of which is or by the exercise of due diligence should become known to the United States Attorney.

  3. Any results or reports, written or oral, of physical, medical or mental examination of the defendant herein made in connection with this case, and the underlying data leading to any such results.

Defendant's Letter Requesting Discovery
*USA v. King, Cr. No. 11-34*
Page 2 of 12

      4.    Copies of any and all reports and documents concerning laboratory analysis, scientific tests or experiments and physical examinations in connection with this case which are in the possession, custody or control of the Government, the existence of which is or by the exercise of due diligence should become known to the United States Attorney, to include but not be limited to:

      a)    All fingerprint and palmprint impressions taken and comparisons made, including the precise location from which each print was taken.

      b)    All test for the presence or absence of illegal narcotics/drugs, and the type of illegal narcotic/drugs, including but not limited to test done to determine the molecular structure and molecular weight of the alleged illegal narcotics/drugs.

      c)    All field test and experiments made at the scene of the alleged offense, including, but not limited to, field drug test, and distance tests and lighting tests and experiments.

      d)    All DNA tests.

      e)    All forensic or other tests or experiments, including but not limited to the test or experiments made of clothing of any person for the investigation of this case.

      5.    Copies of the daily activity sheet, request for laboratory analysis, and any and all other police department records and laboratory records pertaining to this case which are in the possession, custody or control of the Government, the existence of which is or by the exercise of due diligence should become known to the United States Attorney.

      6.    The name and address of each expert witness the Government intends to call in this case. For each said expert witness please provide a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial, such summary must describe the witness' opinion, the bases and the reasons for said opinion, the witness' qualifications and <u>curriculum vitae</u>, and the facts, studies, books, and treatises relied upon by the said expert witness in reaching his/her opinion.

      7.    Copies of any and all documents or information concerning whether or not any transmitting, tracing, receiving or recording devices, were used to transmit, monitor, trace or record any conversation(s) or contact between the defendant and any other person(s); and if so, the dates, times and places, and person(s) between whom such

Defendant's Letter Requesting Discovery
*USA v. King, Cr. No. 11-34*
Page 3 of 12

conversation(s) occurred; and a tape copy and transcript of any such conversation(s) electronically recorded and or a detailed summary of any such conversation(s) overheard but not recorded.

8. Copies of any and all wiretap orders together with all supporting affidavits and returns thereon issued or filed in connection with and which constitute the basis for a wiretap in this case whether or not the Government intends to introduce the fruits thereof into evidence.

9. Any and all search warrants together with all supporting affidavits and return thereon issued or filed in connection with, and which constitute the basis for any search in this case, whether or not the Government intends to introduce fruits of such searches into evidence.

10. The exact date, time and location of any and all searches pursuant to a warrant or not, of the person of the defendant, and of any premises, vehicle or other place owned, rented or visited by the defendant or in which defendant had a proprietary interest.

11. A complete list of all property of every nature and description seized during any search, pursuant to a warrant or not, whether or not the Government intends to offer such property into evidence.

12. The names, shield numbers and assignments of any and all police officers and the names and addresses of any and all civilians present during any such search whether or not the Government intends to call them as witnesses.

13. Whether or not the arrest of the defendant was observed by any third person; and if so, the names, shield numbers, and assignment of such observers of the arrest; if they are civilians, the places from which such observations were made, and the means of such observations, whether it be by the naked eye, binoculars, telescope, camera or any other mechanical device whatsoever; and provide a statement describing the circumstances of the arrest.

14. Any and all notes, memoranda, and photographs made or taken by any and all law enforcement agents or any person acting under the direction or in cooperation with same during their observation or surveillance of the defendant, including but not limited to descriptions of the defendant and a description of the actions or movements of the defendant.

15. The names and addresses or places of incarceration of any and all persons arrested, charged or indicted for the crime(s) recited in the Information herein, or for crimes related to but not recited in the Information, and the docket number and current status or disposition of such criminal charge(s).

Defendant's Letter Requesting Discovery
*USA v. King, Cr. No. 11-34*
Page 4 of 12

      16.    The names and addresses of all co-defendants, co-conspirators or accomplices to the crime(s) recited, or to related crime(s) not recited, in the Information herein, whether or not such described persons were arrested or charged for the crime(s) recited, or for related crime(s) not recited, in the Information.

      17.    Whether any co-defendants, co-conspirators or accomplices to the crime(s) recited, or to related crime(s) not recited, in the Information herein, made any verbal, written or recorded statements, admissions or confessions to the police, United States Attorney, any other public servants engaged in law enforcement activity or to a person acting under the direction of or in cooperation with same, which are in the possession, custody or control of the Government, the existence of which is or by the exercise of due diligence should become known to the United States Attorney.

      18.    The names and addresses of any and all persons, including but not limited to official, or confidential informants, who gave information to the police, United States Attorney or any other public servant engaged in law enforcement activity which in any way led to the arrest of the defendant or aided in the investigation of the crimes charged, whether or not the Government intends to call such persons as witnesses.

      19.    FBI, NCIC, and local arrest and conviction records, and other crimes, wrongs, bad acts - - whether such arrest, conviction, other crimes, wrongs or bad acts were committed as an adult or juvenile - - of all persons described in paragraphs 16 and 18, or otherwise used or interviewed by the government in connection with this case.

      20.    In designated paragraphs to follow, the defendant request information with regard to the following described persons:

          a)    Any prospective witness who the Government intends to call at a hearing or at the trial of the above-referenced matter;

          b)    Any person interviewed by law enforcement officers or prosecutors in relation to the above-referenced matter, regardless of whether or not the Government intends to call such a person as a witness; or

          c)    Any person who assisted the Government in the investigation and preparation of the above-captioned matter, regardless of whether or not the Government intends to call such a person as a witness.

          d)    Any witness to the offense or to any event relevant to the offense, e.g., the arrest or search, who the government does not intend to call as a witness at a hearing or at the trial of the above-referenced matter.

21. FBI, NCIC, and local arrest and conviction records, and other crimes, wrongs, bad acts - - whether such arrest, conviction, other crimes, wrongs or bad acts were committed as an adult or juvenile - - of all persons described in paragraph 20 herein, or otherwise used or interviewed by the government in connection with this case.

22. All written, recorded or oral statements, and the full and complete records of all promises, rewards, and/or inducements of any kind made by the Government, its prosecutors, its agencies, its agents or any law enforcement agents to induce or encourage the giving of testimony or information and made to any person described in paragraph 20 herein.

23. Any evidence which may be used to impeach or discredit any person described in paragraph 20 herein, particularly, but not exclusively, inconsistent statements of a witness or between witnesses, statements of bias or prejudice against the defendant herein, or admissions of poor memory by a witness.

24. Any information which is known or with due diligence could be known by the Government which is relevant to the credibility of any person described in paragraph 20 herein, to include any information relevant to the capacity of such person's ability to perceive or otherwise observe accurately, or to recount accurately (i.e. such person has disease of eyes or is color blind; such person used alcohol or drugs, etc.).

25. Regarding any person described paragraph 20 herein, please provide the following:

    a) All agreements, if any, each such person has or had with any agent of the Government concerning cooperation with the Government in criminal matters and investigations; any promises including but not limited to promises of non-prosecution or immunity grant ever made to any such person and if a grant of immunity was made, all documents pertaining to such grant; Government agencies' reports on any of the purportedly criminal activities of such person formally charged; and threats of prosecution or of any punitive activity, whether direct or indirect, ever conveyed to any such person by person by any Federal, State or local police officers or agents; all tapes and transcripts, if any, made of conferences between any such persons and any federal, state or local law enforcement officers or prosecutors; any money or property ever given to such person by any agent of the Federal, State or local Government of any money or property such person realized in any way connected with his activities in cooperation with any agency of the Government

Defendant's Letter Requesting Discovery
*USA v. King, Cr. No. 11-34*
Page 6 of 12

>concerning such person; any false statements made by such person whether or not under oath, to any Federal, State or local law enforcement officers or prosecutors at any time, whether or not such false statements were recorded or made in writing; any other information concerning any such person that may be in derogation of his honesty or capacity to accurately observe or report.

26.     Any logs, records, or other documents relating to the payment of any sums of money to any person set forth in paragraph 20 herein and the source of any such payments.

27.     Whether or not the Virgin Islands Department of Justice, the United States Department of Justice, or any other agency of the Federal, State or local government has requested or authorized the payment of any sums of money to any person described in paragraph 20 herein, including but not limited to any informant, cooperating witness, or co-defendant, or co-conspirator who has agreed to testify for the Government or who participated in the investigation which generated the above-captioned Information.

28.     Whether any person described in paragraph 20 herein has been incarcerated in Federal, or Territorial prison, and, if so, the prison records of any such person.

29.     The names, addresses, and phone numbers of any person(s) described in paragraph 20 herein.

30.     Any conclusions, results or reports, written or oral, of any physical, medical, or mental examination of any person described in paragraph 20 herein and the underlying data leading to any such conclusions or results.

31.     Whether or not any person described in paragraph 20 herein has been hospitalized, treated, counseled, or diagnosed by psychiatrists or psychologists for stress, emotional disorders, alcoholism, or drug abuse, and, if so, the names of any institutions involved and the date of any hospitalization, and any and all reports relating to any treatment for such condition.

32.     All reports or evidence of drug and/or alcohol use by any person described in paragraph 20 herein in the thirty-six hours preceding the alleged offense, including evidence obtained by medical investigations, physical evidence, and interviews with witnesses.

33.     All reports or evidence of drug and/or alcohol use, habit, or addiction of any person described in paragraph 20 herein within the possession, custody or control of the Government, the existence of which is known or by the exercise of due diligence may become known to the Government.

Defendant's Letter Requesting Discovery
*USA v. King, Cr. No. 11-34*
Page 7 of 12

      34.     Any and all photographs taken of any person described in paragraph 20 herein within the possession, custody or control of the Government, the existence of which is known or by the exercise of due diligence may become known to the Government, relating to or connected with the investigation of the present matter and/or the arrest and prosecution of the defendant.

      35.     The names, addresses and telephone numbers of any and all witnesses in this case who have been offered immunity by the Federal or Territorial Government in this or any other case.

      36.     State whether the Government presently intends to introduce evidence of other convictions, crimes, wrongs, or acts of the Defendant or any other person, pursuant to FRE 404(b) or pursuant to any other basis including impeaching the credibility of the defendant or of his witnesses, or any convictions of the Defendant or any person, pursuant to FRE 609 or any other basis.

      37.     If the answer to paragraph 36 is affirmative, provide, as applicable, all discovery requests which are relevant to such other crimes, wrongs, acts, or convictions and state the basis upon which such acts are alleged to be admissible.

      38.     If the answer to paragraph 36 is negative, the Defendant requests that the Government inform the Defendant if there should be any change of position. At that time, the Defendant expects compliance with the requirements of paragraphs 36 and 37 herein.

      39.     All material now known to the Government, or which may become known, or which through due diligence may become known, or which through due diligence may be learned from the investigating officers of the witnesses in the case, which is exculpatory in nature or which may lead to exculpatory material, or which may be favorable to defendant, including material impeaching of the government's witnesses and evidence, under the holding of **Brady v. Maryland**, 373 U.S. 83 (1963), and its progeny.

      40.     Any evidence which might demonstrate that the defendant was not involved in the illegal activities as charged in the Information.

      41.     Any report, document, transcript, or other writing which the Government is required to make available to the defendant pursuant to 18 U.S.C. Section 3500 at the time of trial, and any such report, document, transcript, or other writing which the Government is required to make available to the defendant prior to trial if the defendant articulates a basis - - e.g. the report constitutes exculpatory or impeaching material under **Brady v. Maryland**, 373 U.S. 83 (1963), and its progeny.

      42.     Any conclusions, results or reports, written or oral, of any physical, medical, or mental examination of the complainant(s), and the underlying data leading to any such conclusions or results.

      43.    All the medical records and reports of the complainant(s), which are in the possession, custody or control of the Government, the existence of which is or by the exercise of due diligence should become known to the United States Attorney.

      44.    All reports or evidence of drug and/or alcohol use or possession by the complainant(s) in the thirty-six hours preceding the alleged offense, including evidence obtained by medical investigations, physical evidence, and interviews with witnesses.

      45.    All reports or evidence of drug and/or alcohol use, habit, possession, or addiction of the complainant(s) within the possession, custody or control of the Government, the existence of which is known or by the exercise of due diligence may become known to the Government.

      46.    Any and all photographs taken of the complainant(s) within the possession, custody or control of the Government, the existence of which is known or by the exercise of due diligence may become known to the Government, relating to or connected with the investigation of the present matter and/or the arrest and prosecution of the defendant.

      47.    All of information or reports of prior bad acts of the complainant(s) within the possession, custody or control of the Government, the existence of which is known or by the exercise of due diligence may become known to the Government, including, but not limited to:

          (a)    Allegations or reports of crimes or other offenses committed by the complainant(s).

          (b)    Whether the complainant(s) was a target of any investigation or threatened with prosecution by the Government, even if she was not charged.

      48.    FBI, NCIC, and local arrest and conviction records, and other crimes, wrongs, bad acts - - whether such arrest, conviction, other crimes, wrongs or bad acts were committed as an adult or juvenile - - of the complainant(s).

      49.    Any and all evidence - - whether by reputation, opinion, or specific acts - - information, reports, documents, and records concerning the character for truthfulness or honesty of the complainant(s).

      50.    Any and all charges, complaints, internal investigations, and/or disciplinary actions filed with any government agency against any law enforcement agent involved in the investigation, arrest or prosecution of this case.

51.     The personnel files of any law enforcement agent involved in the investigation, arrest or prosecution of this case to be provided to the Court for an <u>in camera</u> inspection to determine whether there is anything within the files required to be provided to the defendant pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Local Rule 16.1 of the District Court Rules of Criminal Procedure or **Brady v. Maryland**, 373 U.S. 83 (1963).

52.     Any and all evidence - - whether by reputation, opinion, or specific acts - - information, reports, documents, and records concerning the character for criminality, violence, aggression, drug use, drug trafficking, drug distribution, or peacefulness of the defendant, and any other evidence concerning the character of the defendant that the government intends to introduce into evidence should the defendant raise the issue of his character for peacefulness or being law abiding.

53.     The tapes, notations, logs, or other records of all telephone calls and transmissions and radio "runs" and communications between and among the public and law enforcement agencies and/or emergency services relating to this case and the investigation of this case.

54.     Any and all weapons, including but not limited to, knives, firearms, or guns, the existence of which is known or by the exercise of due diligence may become known to the Government, relating to or connected with the investigation of the present matter and/or the arrest and prosecution of the defendant.

55.     All tangible objects obtained by the Government during the investigation of this case, or seized or turned over by the defendant or the complainant to agents of the Government, including specifically, but not limited to:

      (a)     Tangible objects obtained from the scene of the alleged offense.

      (b)     Tangible objects obtained at the place and time of the defendant's arrest.

      (c)     Tangible objects obtained from the complainant including but not limited to illegal narcotics/drugs weapons, guns, firearms, knifes, sneakers, or other clothing.

      (d)     Photographs taken at scene of the alleged offense or at the time and place of defendant's arrest.

Defendant's Letter Requesting Discovery
*USA v. King, Cr. No. 11-34*
Page 10 of 12

   (e)  Photographs taken of the defendant.

   (f)  Diagrams made of the scene of the alleged offense.

   (g)  All books, papers, documents or tangible objects the Government plans to offer as evidence in the case.

56. The method, circumstances, procedures, time, date, and place wherein the defendant was identified by the complainant or any other witnesses in this case.

57. The pharmacological name of the alleged illegal/narcotic drug present in any preparation, compound, mixture or substance allegedly possessed, transported, or sold by the defendant at the time of his arrest, or at any other time relevant to this case.

58. The aggregate weight (or volume) of such preparation, compound, mixture or substance containing an illegal/narcotic drug.

59. The net weight (or volume) of such illegal/narcotic drug allegedly present in such preparation, compound, mixture or substance.

60. The percentage of such illegal/narcotic drug allegedly present in such preparation, compound, mixture or substance.

61. The name and a description of all chemical analyses performed on such preparation, compound, mixture or substance.

62. The form, at the time of defendant's arrest, of the controlled substance allegedly possessed, or allegedly sold by the defendant (i.e., powder, liquid, tablet, crystal, etc...).

63. The type of container (i.e., pill bottle, tin foil, glassine envelope, etc...) in which any alleged controlled substance was contained whether allegedly sold or possessed by defendant.

64. All police reports or other Governmental memoranda within the possession, custody or control of the Government, the existence of which is known or by the exercise of due diligence may become known to the Government, relating to or connected with the investigation of the present matter and/or the arrest and prosecution of the defendant.

Defendant's Letter Requesting Discovery
*USA v. King, Cr. No. 11-34*
Page 11 of 12

65.     Any and all books, papers, documents, photographs, tangible objects, buildings or places which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial or were obtained from or belong to the defendant.

To the extent that the investigation of this case was a joint effort of the Territory of the Virgin Islands, Government of the United States and any other sovereign or was participated in by any other sovereign, the defendant requests that the Government provide discovery herein, encompassing the investigation and information available from each agency, whether International, Federal, State, Territorial or local who was so involved.

Any request stated in the disjunctive ("or") also covers the conjunctive ("and") and <u>vice versa</u>.

The use of the term "any" is intended to mean the term "all", and <u>vice versa</u>.

Please note that pursuant to F. R. Crim. P. 16(c) the government is under a continuing duty to disclose and to respond to the defendant's discovery request.

For each numbered request, please state (a) what information, documents, and/or objects were provided in response to the request, (b) what information, documents, and/or objects were withheld in response to the request, and (c) the objection(s) raised or privilege(s) claimed as the reason(s) for such withholding.

Dated: November 4, 2011                                Respectfully submitted,

                                                     THURSTON T. McKELVIN, ESQ.
                                                   FEDERAL PUBLIC DEFENDER

                                                   s/ Gabriel J. Villegas
                                                 GABRIEL J. VILLEGAS, ESQ.
                                                 Assistant Federal Public Defender
                                                 P.O. Box 1327
                                                 St. Thomas, VI 00804-1327
                                                 Tel (340) 774-4449
                                                 Fax (340) 776-7683
                                                 Email: gabriel_villegas@fd.org

Defendant's Letter Requesting Discovery
*USA v. King, Cr. No. 11-34*
Page 12 of 12

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 4th day of November, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the U.S. Attorney's Office, counsel of record, Assistant United States Attorney, Delia L. Smith, Email: delia.smith@usdoj.gov.

                                          s/ Gabriel J. Villegas
                                          GABRIEL J. VILLEGAS, ESQ.
                                          Assistant Federal Public Defender
                                          P.O. Box 1327
                                          St. Thomas, VI 00804-1327
                                          Tel (340) 774-4449
                                          Fax (340) 776-7683
                                          Email: gabriel_villegas@fd.org